UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENE WHITE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-01223-RLY-DML |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO APPOINT COUNSEL and THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Gene White, Jr., Plaintiff, filed his *pro se* Complaint against Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, seeking judicial review of the Commissioner's decision to deny his application for disability insurance benefits. On April 7, 2016, the Magistrate Judge *sua sponte* issued a Report and Recommendation after Plaintiff failed to file a brief in support of his Complaint. The Magistrate Judge recommended that the court dismiss Plaintiff's Complaint *with prejudice* because he has failed to prosecute the case and comply with the court's briefing schedule.

In response to the Report and Recommendation, Plaintiff submitted a filing that ostensibly serves two purposes: (1) a motion to appoint counsel; and (2) an objection to the Report and Recommendation. First, the motion to appoint counsel must be summarily denied because of Plaintiff's substantial delay. Initially, the court notes that despite the fact that this litigation has been pending for over nine months, this is the first

1

time Plaintiff has requested appointed counsel.  More importantly though, Plaintiff's request ignores the explicit warnings he was given by the Magistrate Judge in January.

To explain, Plaintiff's brief in support of his Complaint was originally due in November 2015.  On January 5, 2016, the Magistrate Judge issued a Show Cause Order because Plaintiff had not filed anything on his behalf.  Plaintiff then filed a motion for continuance, requesting an additional sixty days to "gather further information" and "seek representation."  On January 29, the Magistrate Judge granted the extension and ordered Plaintiff to submit his brief by March 28.  In that Order, the Magistrate Judge went out of her way to ensure that Plaintiff understood the new deadline was a firm one: "The court warns Mr. White that it will not allow any further extensions of this deadline, regardless of whether he is successful in hiring an attorney.  The court urges Mr. White immediately to retain counsel so that the deadline can be met."  (Filing No. 16, Order Discharging Show Cause Order at 2).  On March 28, Plaintiff submitted a second motion for continuance in order to "seek representation" and "gather more evidence."  The Magistrate Judge denied the motion and subsequently issued her Report and Recommendation.

In short, Plaintiff could have (and should have) requested appointed counsel much earlier in this litigation.[1]  The Magistrate Judge's January 29 Order should have served as

---

[1] That is not to say the court would have granted Plaintiff's request if he had made it sooner. "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  In the Seventh Circuit, "[i]f a plaintiff makes a reasonable attempt to secure counsel," a district court "must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (quoting *Pruitt v.*

a clear signal that Plaintiff needed to take immediate action to secure counsel. He seemingly knew that he could ask the court to recruit *pro bono* counsel, but opted not to do so until his deadline had passed. It strikes the court as highly unlikely that Plaintiff diligently searched for counsel for nine months and just now realized he needed the court's assistance. As the Seventh Circuit made clear:

> Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.

*GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (*quoted in James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)) (internal quotation marks omitted). Accordingly, Plaintiff's motion shall be denied as untimely.

The court construes Plaintiff's filing to also constitute an objection to the Report and Recommendation pursuant to Rule 72(b). When a party raises specific objections to a Magistrate Judge's Report and Recommendation, the district court reviews those matters *de novo*. In this case, Plaintiff's Objection is essentially just a request that the court not dismiss his claim. In other words, Plaintiff objects to the recommended outcome rather than pointing this court to specific areas where the Magistrate Judge misconstrued the law or the facts. Such perfunctory objections are not entitled to *de novo* review under Rule 72(b). The court therefore reviews the Report and Recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

*Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). There is simply not enough information in the record for the court to conduct this analysis.

After reviewing the record, the court finds that the Magistrate Judge did not commit clear error. Therefore, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 19). Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. Plaintiff's Motion to Appoint Counsel (Filing No. 20) is **DENIED**.

**SO ORDERED** this 16th day of May 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Gene White, Jr.
11149 Falls Church Drive
Indianapolis, IN 46229